**Geza SZMAK, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 366, Docket 30749.**

United States Court of Appeals
Second Circuit.

Argued March 21, 1967.

Decided April 10, 1967.

Geza Szmak, pro se.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Gilbert E. Andrews, Chester C. Davenport, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before MOORE and HAYS, Circuit Judges, and ZAVATT, District Judge.*

ZAVATT, District Judge.

This is a *pro se* petition to review an order of the Tax Court, entered February 25, 1966, Docket No. 1166–63, which disallowed claimed trade or business deductions and upheld the Commissioner's assessments of deficiencies in taxpayer's income taxes for the tax years 1957, 1958 and 1959. The decision of the Tax Court is affirmed.

Petitioner's gainful employment is as comanager of Construction Survey Cooperative (hereinafter Cooperative), a service organization engaged in the business of estimating the costs of construction work for contractors, who use these estimates in competitive bidding for construction contracts.

In 1926, he organized Construction Surveyors Institute (hereinafter Institute) as a society for professional surveyors. The aims of the Institute, as stated in its charter, are to improve surveying, construction, designing and management practices, generally. The petitioner prepares and issues articles and news releases to the members of the Institute and has underwritten the Institute's expenses since the depression of 1929. The petitioner is also the sole official of the Economic Welfare Council (hereinafter Council) whose purpose, aim and objective are stated in its charter as follows:

"Article II—PURPOSE

THE DEVELOPMENT, promotion and establishment of Economic Order by maintaining a natural and normal balance between income from land and other natural resources, materials, labor and capital through free competition, cooperation and coordination of all factions and factors.

Article III—AIM

IMPROVING the Economic Welfare of Mankind through application of justice based on truth and right in fact.

Article IV—OBJECTIVE

CREATING a condition of Lasting Peace, Progress and Prosperity by establishing an autonomous, cooperative commonwealth for the people of all states and countries through freedom of opportunity and enterprise and initiative to achieve individual sovereignty, contentment and happiness."

This Council, composed of approximately 25 members, sponsors annual regional meetings attended, generally, by 50 to 75 persons. The petitioner prepares and issues articles and releases expounding his views as to economic policies. These articles and releases appear over the petitioner's individual name or that of the Council or that of University Economics Foundation (hereinafter Foundation).

In his personal income tax returns for the years 1957, 1958 and 1959, the petitioner claimed deductions for his expenditures in connection with his preparation and distribution of said articles

* Of the Eastern District of New York, sitting by designation.

and releases and in connection with the Institute, the Council and the Foundation. Petitioner's income and these claimed deductions were as follows:

### 1957

*Income*

| | |
|---|---|
| From Cooperative | $15,802.00 |
| From Institute | 1,426.70 |
| From Council | 70.50 |

| | |
|---|---|
| Total income | $17,299.20 |
| *Claimed deductions* | 17,336.00 |

### 1958

*Income*

| | |
|---|---|
| From Cooperative | $15,045.00 |
| From Institute | 1,353.67 |
| From Council | 60.00 |

| | |
|---|---|
| Total income | $16,458.67 |
| *Claimed deductions* | 16,413.00 |

### 1959

*Income*

| | |
|---|---|
| From Cooperative | $ 6,741.00 |
| From Institute | 1,424.61 |
| From Council | 22.00 |

| | |
|---|---|
| Total income | $ 8,187.61 |
| *Claimed deductions* | 8,073.00 |

The Tax Court disallowed these claimed deductions and found the following deficiencies in the petitioner's income taxes for the years in question:

| | |
|---|---|
| 1957 — | $4,360.81 |
| 1958 — | 4,071.22 |
| 1959 — | 1,367.98 |

■■ The Tax Court found that the petitioner conducted the Council and the Institute as forums from which to disseminate his personal beliefs on surveying and economics, rather than as businesses engaged in for profit; that his expenses for these activities consistently exceeded by ten to one the income he received therefrom not only during the tax years in question but also for a number of years prior and subsequent thereto. These findings are supported by the record. Petitioner does not contend that he entered into these activities and carried

them on in good faith for the purpose of making a profit. Rather he contends in his brief that:

"The basic issue of this appeal is whether the work of this petitioner is creative, constructive and of economic value to society; not whether it is yet profitable."

This is not the standard by which deductions are allowed under §§ 162(a) and 165(a) (c) (1) (2) of the Internal Revenue Code of 1954.[1]

The facts of this case bear a striking resemblance to those in Lamont v. Comm'r, 339 F.2d 377 (2d Cir. 1964), in which this court affirmed the order of the Tax Court disallowing similar claimed deductions. The order of the Tax Court is affirmed.

I. Sec. 162. Trade or Business Expenses.

"(a) *In general.* There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *." (26 U.S.C.1958 ed., § 162).

Sec. 165. Losses.

"(a) *General rule.* There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. * * *

"(c) *Limitation on losses of individuals.*—In the case of an individual, the deduction under subsection (a) shall be limited to—

"(1) losses incurred in a trade or business;

"(2) losses incurred in any transaction entered into for profit, though not connected with a trade or business" (26 U.S.C.1958 ed., § 165). These sections are unchanged in the 1964 amendments.