Ellis M. Brydia and Thelma M. Brydia v. Commissioner.
Brydia v. Commissioner
Docket No. 2387-68.
United States Tax Court
T.C. Memo 1970-147; 1970 Tax Ct. Memo LEXIS 213; 29 T.C.M. (CCH) 640; T.C.M. (RIA) 70147; June 9, 1970, Filed Peter J. Ressler, 1601 N. Front, Harrisburg, Pa., for the petitioners. Howard W. Gordon, for the respondent. QUEALY
Memorandum Findings of Fact and Opinion QUEALY, Judge: The respondent determined deficiencies in income tax due from the petitioners, as follows: *214 Year
Deficiency
1965
$851.90
1966
$733.24
The deficiencies result from the disallowance of certain deductions claimed by the petitioners as expenses of Ellis M. Brydia in connection with his activities as a minister affiliated with the Independent Fundamental Churches of America. The sole question is whether the expenditures related to such activities were expenses of a trade or business deductible under section 162. [1]
Findings of Fact Some of the facts have been stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Ellis M. Brydia and Thelma M. Brydia, [2] the petitioners, are husband and wife. At all times material herein the petitioners' legal residence was 3004 Brisban Street, Paxtang, Harrisburg, Pennsylvania 17111. Petitioners filed joint returns for the taxable years 1965 and 1966 with the district director of internal revenue at Philadelphia, Pennsylvania. *215 From 1954 to 1958 the petitioner was an ordained and licensed minister with the Evangelical United Brethren Church. In 1958 the petitioner transferred his affiliation from the Evangelical United Brethren Church to the Independent Fundamental Churches of America, of which he is a member in good standing, and moved his residence to Harrisburg, Pennsylvania. 641 From 1952 to 1957 the petitioner's principal source of income was payment for his services as a minister from the Evangelical United Brethern Church. Starting in 1958 and continuing through 1966 the petitioner was employed as a fulltime employee, i.e., eight hours a day, five days a week, as an engineer at Olmsted Air Force Base (AFB). Petitioner also conducted various religious services and activities but received no perquisites from his work in religious areas in 1965 and only $10 in 1966. The petitioner had no monetary motivation in the exercise of his religious activities and he strongly feels that the financial support of such religious activities should come from non-religious endeavors. The following is an analysis of the petitioner's sources of income for the years 1958 to 1966: Tax
OlmstedAFB
Interest
MinistryGifts Perquisites
1958
$2,549.98
$ 1,764.29
$169.59
$ 33.00
1959
8,060.40
213.08
42.00
1960
9,087.12
188.50
54.00
1961
9,694.46
163.17
20.0 0
1962
9,984.68
125.20
15.00
1963
10,753.60
5.00
1964
11,684.76
1965
12,106.40
11.01
1966
12,789.60
0.17
10.00
*216 During the taxable years under consideration, 1965 and 1966, the petitioner was a member of the Independent Fundamental Churches of America, all of whose congregations are independent. The petitioner had no regular church or congregation but acted as an independent minister, evangelist, counselor and the like. Petitioner did not work under the direction of a superior and had no prescribed duties. The expenses disallowed by the respondent which were deducted by the petitioner on his 1965 and 1966 returns were as follows: 1965
1966
Office expense
$2,829.96
$1,971.73
Professional, publications and dues
289.90
622.97
Travel
30.00
Religious supplies
62.49
61.40
Entertainment
163.00
Automobile expense
776.49
625.38
Maintenance
199.35
Total
$4,151.84
$3,480.83
Ministry gifts perquisites
10.00
$4,151.84
$3,470.83
Petitioner included in the office expense and maintenance expense summaries attached to his 1965 and 1966 tax returns 50 percent of his residential expenses, e.g., rent, mortgage insurance, hazard insurance, maintenance, electricity, fuel, water, etc. Petitiioner attributed 80 percent and 60 percent of his automobile expense *217 for 1965 and 1966, respectively, to his religious activities as indicated in his expense summaries. Ultimate Findings of Fact The religious activities of the petitioner did not constitute a "trade or business" within the meaning of section 162. The expenses incurred by the petitioner had no relationship to the production of any income. Opinion The petitioner was regularly employed as an engineer at Olmsted Air Force Base and relied on such employment exclusively as a source of income. In addition, the petitioner was active in the religious field. He was an ordained minister, and although not affiliated with any congregation, stood ready to perform the duties of his ministry whenever he might be called upon to do so. He incurred direct expenses in connection with such activities and utilized his residence as a place from which to conduct his religious activities. Petitioner did not believe in taking any pecuniary consideration for his religious activities. Income from such activities was negligible. In effect, therefore, petitioner is claiming the right to deduct expenses, both directly and indirectly related to his ministry, from the income earned by him as an engineer at *218 Olmsted Air Force Base. Direct expenses consisted of professional publications and dues. Indirect expenses consisted of an allocable part of the heat, light, maintenance and depreciation applicable to the petitioners' residence and an 642 allocable part of the cost of operating expenses and depreciation attributable to his automobile. The issue before the Court is whether such expenses incurred in the taxable years 1965 and 1966 were the expenses of a trade or business under section 162. Section 162 provides: (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *. Treasury Regulations under section 162, i.e., 1.162-1(a), allow a deduction for all ordinary and necessary expenses incurred in carrying on a trade or business in spite of the fact that they may exceed the gross income derived from such business. The petitioner does not argue that the amounts in controversy were expenses of his employment as an engineer for Olmsted Air Force Base. The expenses disallowed by the respondent relate solely to the petitioner's religious activities. The petitioner *219 argues and the respondent concedes that it is possible for a taxpayer to be involved in more than one trade or business. That is not the question. The question is whether in order for a trade or business to qualify under section 162 the taxpayer must seek the realization of income. Szmak v. Commissioner, 376 F. 2d 154 (C.A. 2, 1967); Lamont v. Commissioner, 339 F. 2d 377 (C.A. 2, 1964); White v. Commissioner, 227 F. 2d 779 (C.A. 6, 1955), affirming per curiam 23 T.C. 90 (1954). See also Bessenyey v. Commissioner, 379 F. 2d 252 (C.A. 2, 1967). In the Lamont case, the court said: * * * For the purpose of qualifying for deductions under §§ 162(a) and 165 (c)(1), a course of activity must be considered to be a trade or business. It is well established that the existence of a genuine profit motive is the most important criterion for the finding that a given course of activity constitutes a trade or business. In his treatise on the law of taxation, Mertens writes: "Under any definition, a business means a course of activities engaged in for profit. Acts engaged in which are admittedly for a purpose other than profit do *220 not evidence business engagement." 4 Mertens, Law of Federal Income Taxation, § 25.08 (1960). We believe it essential to the deduction permitted by section 162 that the taxpayer have some intention or expectation of realizing a pecuniary benefit. This the petitioner expressly disaffirms. The petitioner had no expectation of receiving remuneration for his religious activities. In fact, he freely acknowledged that he had no monetary motive or profit motive. Commendable though this may be, it does not meet the tests of the statute. The Court has also considered whether some part of the expenses might be allowable as a contribution under the authority of Rev. Rul. 69-645, I.R.B. 1969-52, 9. However, due to the fact that petitioner was "independent" of any organized congregation or designated exempt organization, there is no "recipient," other than the Supreme Being, to whom the petitioner can be said to have made the contribution. Unfortunately, "good deeds" standing alone do not necessarily give rise to tax deductions. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Thelma M. Brydia is a party to this proceeding by virtue of the joint returns filed by the petitioners for the taxable years 1965 and 1966; and the term "petitioner" will hereinafter refer solely to Ellis M. Brydia.↩