JAMES P. TUCKER, JR. AND SUSANA I. TUCKER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tucker v. Commissioner
Docket No. 7422-80.
United States Tax Court
T.C. Memo 1983-210; 1983 Tax Ct. Memo LEXIS 578; 45 T.C.M. (CCH) 1347; T.C.M. (RIA) 83210; April 18, 1983. James P. Tucker, *579 Jr., pro se. Lawrence D. Garr, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the calendar year 1976 in the amount of $3,618. After concessions by the parties, the issue for decision is whether assessment of a deficiency is barred by either (a) the provisions relating to repetitive examinations in respondent's Internal Revenue Manual or (b) the doctrine of laches. The parties have stipulated that if assessment is not so barred, there is a deficiency in petitioners' income tax for 1976 in the amount of $2,038. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners are husband and wife. They resided in Locust Grove, Virginia at the time that they filed their petition in this case. They timely filed a Federal income tax return for the calendar year 1976 with the Internal Revenue Service Center at Memphis, Tennessee. In July 1977 petitioners' 1976 income tax return was selected for examination. On March 26, 1980 respondent issued the statutory notice in which he determined a deficiency for 1976 in the *580 amount of $3,618. The notice set forth the following adjustments to petitioners' income: interest expenses
$6,581.88 rental expenses
3,640.00 moving expenses
495.00 employee business
expenses
6,116.00 standard deduction
(1,350.42)
total adjustments
to income
[1] $15,481.58 As previously stated, the parties have stipulated that if assessment is not barred, there is a deficiency in income tax for 1976 in the amount of $2,038.This deficiency results from interest expenses which were inadvertently deducted twice and commuting expenses (denominated "employee business expenses" in the statutory notice) which petitioners thought were deductible when one traveled more than 50 miles each way to work. Respondent also examined petitioners' 1975 income tax return. On October 25, 1978 he issued a statutory notice in which he determined a deficiency of $63.83. The notice set forth the following adjustments to petitioners' income: interest expenses
$1,543.23 employee business expenses
2,550.00 state & local income tax
(58.05)
total adjustments to income
$4,035.18 *581 The adjustment denominated "employee business expenses" involved a moving expense adjustment for temporary living expenses. Total adjustments ($4,035.18) exceeded sixty percent of reported taxable income ($6,453.17). Despite the magnitude of the adjustments, the deficiency was modest because of certain credits, principally the 5 percent credit for the purchase of a new principal residence under section 44. [2]
OPINION Issue 1. Respondent's Policy on Repetitive Examinations
Petitioners contend that they come within the provisions relating to repetitive examinations in respondent's Internal Revenue Manual. Accordingly, they argue, assessment of a deficiency for 1976 is barred. We disagree. Section 4241 of the Internal Revenue Manual ("IRM") provides in relevant part as follows: Repetitive Examinations (2) if a taxpayer (individual non-business returns only--no Schedule C or F) responds to the initial contact letter stating that an examination of the *582 same issue(s) in either of the two preceding years resulted in no-change or a small tax change (deficiency or overassessment), the following action will be taken. (3) When the taxpayer furnishes prior year records, and the issues on the prior year initial contact letter are the same as in the current year, the examiner will secure a transcript of the taxpayer's accounts for the two preceding years. (a) If a no-change or small tax change is indicated for the year(s) corresponding to the copy of the initial contact letter anda substantive audit change is not shown for either year the examiner may determine that the current year examination should be concluded. Group manager approval must be obtained and the workpapers will include adequate comment by the group manager. The examiner will close the case following the procedure in (5) below. [Emphasis added.] We think petitioners' reliance on IRM section 4241 is ill-founded for several reasons. First, we have previously held that the decision to conclude an examination under that section is totally discretionary with respondent. . Cf. ; *583 ; , which hold that procedural rules such as those set forth in various Revenue Procedures and the Statement of Procedural Rules are merely directory and not mandatory. Second, there is absolutely no evidence in the record to even suggest that respondent abused his discretion in declining to conclude the examination. Third, there is no evidence in the record to indicate that petitioners ever responded to the initial contact letter by requesting that respondent conclude the examination. In other words, for all we know petitioners may never have raised the repetitive examinations issue prior to the issuance of the statutory notice and the filing of their petition with this Court. Finally, as we shall discuss in the following paragraph, we do not think that this case even comes within the literal language of IRM section 4241. We are cognizant of the fact that the examination of the taxable year 1975 resulted in only a small tax change, i.e., a deficiency of $63.83. However, IRM section 4241(3)(a) sets forth two criteria which must be satisfied *584 before respondent will exercise his discretion to conclude a current examination. Not only must there have been no more than a small tax change for the prior year(s), but there must also have been no substantive audit change for that year(s). We think adjustments to income which in the aggregate exceed sixty percent of reported taxable income constitute a substantive audit change. Furthermore, IRM section 4241 is operative only if the issues examined for the prior year(s) are the same as the issues under examination for the current year. In this regard we note that although an adjustment denominated "employee business expenses" is common to both 1975 and 1976, very different issues in respect thereof were presented in each year. Moreover, the adjustment relating to interest expenses, although common to both years, accounted for nearly 40 percent of the total adjustments to income in 1975. Lastly, petitioners' 1976 income tax return was selected for examination 15 months prior to the issuance of the statutory notice for 1975. Thus, at the time the 1976 return was selected, it was unlikely that respondent knew whether the examination of petitioners' 1975 return would result in *585 no-change or a small tax change. In view of the foregoing, we hold that assessment of a deficiency for 1976 is not barred by the provisions of IRM section 4241. Issue 2. Doctrine of Laches
Petitioners also contend that respondent failed to examine their 1976 income tax return "with normal speed, normal efficiency." Accordingly, they conclude, assessment of a deficiency for that year is barred by the doctrine of laches. We disagree. We begin with petitioners' premise. Except for rare and unusual cases, this Court will not look behind a notice of deficiency. . The reason for this rule is "the fact that a trial before the Tax Court is a proceeding de novo; our determination as to a [taxpayer's] tax liability must be based on the merits of the case and not any previous record developed at the administrative level." . The fact that respondent may not have examined petitioners' return as quickly as petitioners may have liked is therefore irrelevant. [3]
*586 We turn now to petitioners' conclusion. We have previously held that this Court is not at liberty to modify a fixed period prescribed by a statute of limitations in which the Commissioner is authorized to act. ; . In the present case section 6501 expressly defines the period in which respondent is authorized to assess deficiencies against taxpayers. See also section 6503(a). Petitioners do not contend that the issuance of the statutory notice was untimely under that section, and in fact it was not. Petitioners' 1976 income tax return is considered to have been filed on April 15, 1977. See sections 6501(b)(1) and 6072(a). Respondent issued the statutory notice on March 26, 1980. Because the latter date is within the three years of the former, the notice was timely under the general rule of section 6501(a). In view of the foregoing, we hold that assessment of a deficiency for 1976 is not barred by the doctrine of laches. To reflect our disposition of the disputed issues and the parties' stipulation, Decision will be entered for respondent *587 in the agreed amount.
Footnotes
1. This amount was erroneously understated in the statutory notice by 88".↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for either the taxable year 1975 (as above) or the taxable year 1976 (all elsewhere).↩
3. We should not be understood to imply that we think respondent failed to examine petitioners' return with "normal" speed and efficiency. Even if we were inclined to consider this matter, the record is inadequate for us to determine whether respondent acted swiftly or slowly, efficiently or inefficiently.↩