NONA LOU GREENE, CONSERVATEE, CAROL RHODES and SUSAN JONES, CO-CONSERVATORS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
GREENE v. COMMISSIONER
Docket No. 12555-90.
United States Tax Court
T.C. Memo 1992-202; 1992 Tax Ct. Memo LEXIS 239; 63 T.C.M. (CCH) 2665; April 6, 1992, Filed *239 An appropriate order will be issued granting respondent's motion for leave to file amendment to answer Respondent issued a notice of deficiency for 1985 and 1986. The 1985 deficiency was determined by using income averaging. Respondent moved to amend her answer to assert an increased deficiency for 1985, by asserting that petitioner's taxable income for each of the base period years, 1982-1984 (for which respondent is barred by sec. 6501(a), I.R.C. 1986, from assessing a deficiency), is more than the amounts reported on petitioner's income tax returns for those years, and used by respondent in income averaging in calculating the deficiency for 1985. Held: Respondent may amend the answer to increase the deficiency for 1985. Sec. 6214(b), I.R.C. 1986. Steven G. Storch and Jeffrey G. Pittell, for petitioner. Halvor N. Adams III, for respondent. CHABOT
CHABOT
MEMORANDUM OPINION CHABOT, Judge: This matter is before us on respondent's motion for leave to file amendment to answer. Respondent determined deficiencies in Federal individual income tax against petitioner for 1985 in the amount of $ 35,141 and for 1986 in the amount of $ 46,623, and additions to tax under *240 sections 6653(a)(1) and 6653(a)(1)(A) [1] (negligence, etc.) in the amount of $ 1,757 for 1985 and in the amount of $ 2,331 for 1986, plus 50 percent of the interest due on the entire deficiency for 1985 and 1986 under sections 6653(a)(2) and 6653(a)(1)(B), respectively. Respondent's amendment to answer would increase the deficiency for 1985 by $ 20,865, for a total of $ 56,006; [2] it would correspondingly increase the additions to tax for 1985; and it would assert additions to tax under section 6661 in the amounts of $ 14,001 for 1985 and $ 11,633 for 1986. *241 After concessions by petitioner, the issue for decision is whether, for purposes of determining the correct deficiency, if any, for 1985 using income averaging, respondent may increase petitioner's taxable income for the base period years (1982, 1983, and 1984) even though section 6501(a) bars respondent from assessing deficiencies for those years. The deficiencies and additions to tax were determined in a notice of deficiency dated March 16, 1990. The petition was filed in the instant case on June 12, 1990. Respondent filed her answer on August 13, 1990. On December 6, 1991, respondent filed a motion for leave to file amendment to answer. [3] Petitioner filed a memorandum in opposition to respondent's motion, and respondent filed a memorandum in response to petitioner's objection. This case is set for trial at a special trial session to begin July 6, 1992, at Westbury, New York. *242 Nona Lou Greene (hereinafter sometimes referred to as Greene) resided in Westchester County, New York, at the time the petition was filed. By an order dated March 5, 1990, the New York State Supreme Court in and for Westchester County, declared "that Nona Lou Greene has suffered substantial impairment of her ability to care for her property and provide for herself", and appointed conservators for Greene. The State Court also found that Greene "is not, and, in all likelihood will never be capable of resuming the management of her property". It appears that Greene operated a horse breeding and racing activity, a Schedule C activity. Respondent disallowed deductions relating to this activity for 1985 and 1986 and determined deficiencies for these years. The 1985 deficiency amount was determined by use of income averaging (secs. 1301-1305, since repealed). In the proposed amendment to answer, respondent asserts that Greene's taxable incomes for 1982, 1983, and 1984 (the base period years for the 1985 income averaging) are greater than the amounts reported on Greene's tax returns. This is based on respondent's assertion that Greene's 1982, 1983, and 1984 losses from the horse breeding *243 and racing activity are not deductible against Greene's other income because they "were incurred in connection with an activity not engaged in for profit within the meaning of I.R.C. § 183". Although respondent is barred by section 6501(a) from assessing a deficiency for those years, the recomputation of Greene's base period income for income averaging purposes would increase the 1985 deficiency. Petitioner contends that respondent's motion should be denied because (1) respondent has already determined that the activity was engaged in for profit for purposes of section 183, (2) the amendment to the answer is against the interests of justice, and (3) the Court may not determine whether Greene underpaid her taxes for 1982 through 1984 since those years are not before the Court. Respondent contends that she should be allowed to amend the answer because (1) respondent's motion was filed sufficiently in advance of trial to prevent surprise and prejudice to petitioner, (2) the Court may compute petitioner's taxable income for the base period years for purposes of income averaging for 1985, and (3) equitable principles do not support petitioner's position. We agree with respondent. *244 Recomputation of Income for Base Period Years; Section 6214(b)
Section 6214(b)[4] directs the Tax Court to consider facts with relation to the taxes for years not before the Court, as is necessary to redetermine a deficiency in a year before the Court. It is well established that, under section 6214(b), a taxpayer's income may be recomputed for a period for which assessment of a deficiency is barred by the statute of limitations, in order to determine the amount of deficiency for the year in issue. Hill v. Commissioner, 95 T.C. 437, 439-444 (1990), and cases cited therein. This principle has been applied in the context of income averaging. E.g., Odend'hal v. Commissioner, 80 T.C. 588, 618 (1983), affd. and remanded on a different issue 748 F.2d 908 (4th Cir. 1984); Unser v. Commissioner, 59 T.C. 528 (1973). *245 In Odend'hal v. Commissioner, 80 T.C. at 618, this Court upheld respondent's disallowance of depreciation deductions associated with a nonrecourse note for the years in issue. The Court also held that, for purposes of income averaging, the taxpayers' income for base period years had to be recomputed without the depreciation deductions. In Unser v. Commissioner, respondent reallocated to the taxpayers (under section 482) the income and expenses from the taxpayers' corporation for 1966 through 1968. The taxpayers agreed to the reallocation, but contended that respondent was barred by section 6501(a) from reallocating the income and expenses to a base period year (1965) for purposes of income averaging in the years before the Court. This Court considered section 6214(b) and the income averaging provisions. We stated as follows (59 T.C. at 530): We must therefore determine whether the "taxable income" for the base period years as used in the provisions of sections 1301 through 1305 refers to the income of a taxpayer as previously reported on the taxpayer's return where an assessment of a deficiency or a refund of an overpayment is barred *246 by the statute of limitations or refers to the proper taxable income of the taxpayer for that base period year. Section 1302(c)(2) defines the base period income for any taxable year as "the taxable income for such year" increased and reduced in a manner not here pertinent. Since the statute uses the phrase "the taxable income of such year" as distinguished from "the income as reported" or the "income as previously determined," the inference is clear that the income to be used for each base period year is the correct income for such year whether or not the assessment of a deficiency or the refund of an overpayment for such base period year is barred by the statute of limitations.
We conclude that, pursuant to section 6214(b), this Court may consider whether Greene's horse racing and breeding activity was engaged in for profit, and recompute her correct taxable income for 1982 through 1984 in order to determine the correct deficiency, if any, for 1985 using income averaging. Petitioner attempts to distinguish Unser v. Commissioner and Odend'hal v. Commissioner by contending that in those cases "the determination of the tax item at issue was applied retroactively to the *247 closed prior year without an examination by the Court of the closed year." Petitioner contends that in the above-mentioned cases the retroactive application occurred because the taxpayer either conceded the closed-year liability or no facts distinguished the closed year from the open year. Petitioner contends that the instant case is distinguishable because the issue of whether an activity is engaged in for profit under section 183 is a factual determination which must be made on a yearly basis. Petitioner states that in the instant case a determination by this Court that the activity was not engaged in for profit for either (or both) of the years in issue (1985 and 1986) will not automatically apply retroactively to 1982 through 1984, and that a full trial will be required to determine whether the activity was engaged in for profit for each base period year (1982, 1983, and 1984). Petitioner seems to be contending that a section 6214(b) "fact" can be only a fact which is found by the Court for the year in issue, and which can then be mechanically applied to the years not in issue. Section 6214(b) and the case law interpreting it have not so limited that section. As stated by *248 the Court in Unser v. Commissioner, the income averaging provisions require application of the "correct" taxable incomes of the base period years. Under section 6214(b), this Court may consider facts for years which are not before the Court and compute the correct taxable incomes for those years when that is necessary in order to determine a deficiency for a year before the Court. Petitioner also contends that, if we grant respondent's motion, then we "will have to determine whether Greene underpaid tax for those years [1982-1984]." Firstly, we have already held that there is a difference for section 6214(b) purposes between determining a tax liability and computing a tax liability, and that we have jurisdiction to compute the tax liability for a different year if that is necessary in order to determine the deficiency for a year in issue. Hill v. Commissioner, supra. Secondly, in the instant case we do not even have to compute Greene's tax liability for any of the base period years; rather we merely compute her taxable incomes for each of the base period years (and so, for example, we are not concerned with credits or tax rates). We hold for *249 respondent on this issue. Estoppel
Petitioner contends that respondent examined Greene's tax returns on four previous occasions, involving 1976 through 1984, and involving the issue of whether the activity was engaged in for profit under section 183, and that respondent did not disallow the deductions for any of the years 1976 through 1984. Petitioner contends that respondent is estopped from now challenging the deductions for 1982-1984; that respondent has a duty of consistency; and that granting the motion to amend the answer would allow respondent to perform repetitive examinations which are prohibited by the Internal Revenue Manual (hereinafter sometimes referred to as the Manual). See 2 Audit, Internal Revenue Manual (CCH), sec. 4241, at 7309-221. We conclude that these contentions are without merit. Firstly, respondent's acquiescence to petitioner's tax treatment of an item ordinarily does not estop respondent from later challenging the treatment of the item. As we put it in Thomas v. Commissioner, 92 T.C. 206, 227 (1989): In Union Equity [Cooperative Exchange v. Commissioner, 481 F.2d 812 (10th Cir. 1973), affg. 58 T.C. 397 (1972)], *250 the Court of Appeals for the 10th Circuit stated, 481 F.2d at 817, that "it is well established that the Commissioner is not estopped from challenging erroneously reported items where Internal Revenue agents have failed in prior years to challenge similarly erroneous reported items." Quoting from a previous Court of Appeals decision, the Court of Appeals further stated as follows (481 F.2d at 817): "neither the duty of consistency, nor the principle of equitable estoppel bind the Commissioner to unauthorized acts of his agents * * * nor preclude him from correcting mistakes of law * * * including the power to retroactively correct his rulings, regulations and decisions upon which taxpayers have relied." [Emphasis supplied.]
To the same effect are Easter v. Commissioner, 338 F.2d 968 (4th Cir. 1964), affg. T.C. Memo. 1964-58; Caldwell v. Commissioner, 202 F.2d 112, 115 (2d Cir. 1953), affg. on this issue a Memorandum Opinion of this Court dated June 29, 1951; Casey v. Commissioner, 38 T.C. 357, 381 (1962). Secondly, petitioner contends that respondent has a duty *251 of consistency, citing Alamo Nat. Bank v. Commissioner, 95 F.2d 622 (5th Cir. 1938), affg. 36 B.T.A. 402 (1937). In Alamo Nat. Bank, the taxpayers reported on their 1921 tax return the value of a liquidating dividend from their wholly owned corporation. However, they did not include the value of a franchise that they had received as part of this liquidating dividend. The business was continued by the taxpayers in their individual capacities under the same franchise. When the taxpayers sold their business in 1931, they claimed that the value of the franchise should be included in their cost basis. The statute of limitations barred respondent from assessing a deficiency for 1921. In the instant case, petitioner relies on language in Alamo Nat. Bank, 95 F.2d at 623, stating that "equitable principles have a place in tax matters", and that "In income taxation what is done in one tax year is sometimes projected into another where the same fact must govern". In Alamo Nat. Bank, 95 F.2d at 624, the Court of Appeals for the Fifth Circuit applied the above principles to the taxpayers' treatment of the franchise, *252 holding that the taxpayers' treatment of the franchise in 1931 must be consistent with their treatment of it in 1921. As a result, the taxpayers were not permitted to increase their basis in the business. In the course of the opinion the Court of Appeals stated as follows (95 F.2d at 623): So if a taxpayer who acquired gain in an exchange of property sets up as its measure a value of what he received in which the Commissioner acquiesces, that value is the basis to be taken in measuring a further gain on a sale of the property in a later year. The taxpayer cannot say: "I was mistaken. The value was many times what I said it was. I therefore realized less gain on the last sale," without doing justice all around in correcting his mistake. The reverse principle is also true if the Commissioner, in reviewing the return, should correct the first valuation and the taxpayer should acquiesce. The Commissioner could not repudiate his action when that value again became a determining factor.
(This doctrine of consistency is discussed in some detail in Unvert v. Commissioner, 72 T.C. 807 (1979), affd. on other grounds 656 F.2d 483 (9th Cir. 1981).) *253 We need not explore the ramifications of equity, duty of consistency, or tax benefit rule. We merely point out that respondent did not require Greene to deduct her losses from her horse breeding and racing activity in the base period years. As we noted in dealing with petitioner's estoppel argument, respondent's acquiescence in one year does not estop her from challenging a taxpayer in another year. Alamo Nat. Bank is consistent with the position respondent takes in the instant case. Thirdly, petitioner contends that the amendment will require this Court to examine petitioner's records for 1982-1984, which will "substantially impose a repetitive examination", something respondent is prohibited from doing by section 4241 of the Manual. For a general discussion of the circumstances under which respondent may be bound by her procedural rules, see Capitol Federal Savings & Loan v. Commissioner, 96 T.C. 204, 216-220 (1991), on appeal (10th Cir., May 10, 1991). Petitioner has not shown that the cited Manual provision was a rule of law that taxpayers were expected to rely on or that petitioner in fact relied on. In particular, respondent's decision to conduct *254 an examination or not is not restricted by this provision of the Manual.[5]
We hold for respondent on this issue. Equitable Principles
Petitioner contends it is not equitable to allow respondent to amend the answer because the present motion is due to respondent's failure to timely disallow petitioner's 1982-1984 deductions. Petitioner also contends that allowing respondent to amend the answer at this time would impose undue hardship upon petitioner because of the lapse of time between 1982-1984 and the present, and because petitioner now suffers from total memory loss. We disagree. Firstly, the facts for 1982, 1983, and 1984 are relevant to one of the central issues of the case, whether Greene was operating the horse breeding and racing activity as an activity for profit in 1985 and 1986. E.g., Szmak v. Commissioner, 376 F.2d 154, 156 (2d Cir. 1967), *255 affg. T.C. Memo. 1965-301; Lamont v. Commissioner, 339 F.2d 377, 379-380 (2d Cir. 1964), affg. T.C. Memo. 1964-2; Engdahl v. Commissioner, 72 T.C. 659, 667-669 (1979); Golanty v. Commissioner, 72 T.C. 411, 427-428 (1979), affd. without pub. opinion 647 F.2d 170 (9th Cir. 1981). Thus, proper preparation by the parties would be expected to produce extensive information as to 1982, 1983, and 1984 even in the absence of respondent's motion to amend answer. Secondly, by the time the notice of deficiency was issued in the instant case, Greene's condition had already deteriorated to such a point that the State Court had appointed conservators. Thus, respondent's motion to amend does not work any greater hardship on petitioner than there would have been if respondent had proceeded more diligently and made the determinations in the notice of deficiency. Thirdly, respondent's motion to amend the answer was filed 7 months before the start of the session at which the instant case is to be tried. Thus, the motion was not so late as to make it unreasonable for petitioner to be able to *256 prepare for this issue at trial. We hold for respondent on this issue. Conclusion
We conclude that this Court may consider facts relating to 1982, 1983, and 1984 to determine whether the horse breeding and racing activity was engaged in for profit in each of those years, and (if necessary) recompute petitioner's taxable income for each base period year, for purposes of income averaging for 1985. We hold for respondent. [6]
An appropriate order will be issued granting respondent's motion for leave to file amendment to answer
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for 1985; references to section 6501(a) are to that section of the Internal Revenue Code of 1986 as in effect for the date of the notice of deficiency; references to section 6214(b)↩ are to that section of the Internal Revenue Code of 1986 as in effect for the date of respondent's motion for leave to amend her answer. 2. Respondent's amendment to answer would decrease the deficiency for 1986 by $ 92, with corresponding reductions to the additions to tax under section 6653(a)(1)(A) and (B).↩
3. Rule 41(a), Tax Court Rules of Practice and Procedure, provides in pertinent part as follows: (a) Amendments. A party may amend a pleading once as a matter of course at any time before a responsive pleading is served. If the pleading is one to which no responsive pleading is permitted and the case has not been placed on a trial calendar, then a party may so amend it at any time within 30 days after it is served. Otherwise a party may amend a pleading only by leave of Court or by written consent of the adverse party, and leave shall be given freely when justice so requires.↩
4. SEC. 6214. DETERMINATIONS BY TAX COURT. * * * (b) Jurisdiction Over Other Years and Quarters. -- The Tax Court in redetermining a deficiency of income tax for any taxable year or of gift tax for any calendar year or calendar quarter shall consider such facts with relation to the taxes for other years or calendar quarters as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other year or calendar quarter has been overpaid or underpaid.↩
5. See, e.g., Tucker v. Commissioner, T.C. Memo. 1983-210; Chapman v. Commissioner, T.C. Memo. 1982-68↩.
6. As respondent acknowledges, she has the burden of proof as to the increases in the deficiency and additions to tax. Rule 142(a); Reiff v. Commissioner, 77 T.C. 1169, 1173↩ (1981).