John P. POMEROY, et al.,
Plaintiffs–Appellees,

v.

UNITED STATES of America,
Defendant–Appellant.

John P. POMEROY and Frances E. Pomeroy, Plaintiffs–Appellees Cross–Appellants,

v.

UNITED STATES of America,
Defendant–Appellant
Cross–Appellee.

Nos. 87–6101, 88–2239.

United States Court of Appeals,
Fifth Circuit.

Feb. 8, 1989.

---

Henry K. Oncken, U.S. Atty., Houston, Tex., Christopher S. Cole, Atty., Tax Div., Dept. of Justice, Dallas, Tex., Gilbert S. Rothenberg, Gary R. Allen, Chief, Appellate Section, Tax Div., Dept. of Justice, William S. Rose, Jr., Acting Asst. Atty. Gen., John A. Dudeck, Jr., Michael L. Paup, Washington, D.C., for defendant-appellant cross-appellee.

Robert I. White, Lawrence W. Sherlock, and Shelley Cashion, Chamberlain, Hrdlicka, White, Johnson & Williams, Houston, Tex., for plaintiffs-appellees cross-appellants.

Before CLARK, Chief Judge, TIMBERS * and RUBIN, Circuit Judges.

* Circuit Judge of the Second Circuit, sitting by designation.

CLARK, Chief Judge:

The district court enjoined the government from collecting tax assessments from taxpayers John and Frances Pomeroy. The district court also awarded costs and attorneys' fees to taxpayers. We reverse both the injunction and the award of costs and fees.

### Facts

For the years 1981 and 1982, taxpayers filed joint federal income tax returns which listed as their address 3832 Chevy Chase, Houston, Texas 77019. In January 1985, taxpayers moved from the Chevy Chase address to 5100 San Felipe, No. 202–E, Houston, Texas 77056.

By a letter dated March 4, 1985 addressed to taxpayers at the Chevy Chase address, the Internal Revenue Service ("IRS") notified taxpayers that their 1981 return had been selected for audit and requested that taxpayers extend the statutory period during which the IRS could assess additional taxes for that year by signing a form 872. That letter was forwarded by the postal service to taxpayers at the San Felipe address. Taxpayers referred the letter to their accountant and then called the IRS "contact person" listed on the letter. Taxpayers informed the contact person that their accountant would be handling the audit and that they had moved to the San Felipe address. By letter dated March 25, 1985 addressed to taxpayers at the San Felipe address, the IRS requested information concerning the 1981 return and again requested that taxpayers sign form 872 to extend the statute of limitations. In April 1985, taxpayers signed form 872, which listed the San Felipe address, and returned it to the IRS. Also in April 1985 taxpayers sent the IRS a form 2848 power of attorney which listed the San Felipe address. Both form 872 and form 2848 were placed in an IRS administrative file.

In April 1985 taxpayers filed a request for an automatic extension of time for filing their 1984 return. The request listed the Chevy Chase address as taxpayers' home address. This was in fact incorrect because taxpayers continued to reside at the San Felipe address. In August 1985 taxpayers filed their 1984 income tax return. That return also incorrectly listed the Chevy Chase address. On April 15, 1986 taxpayers filed a request for an automatic extension of time for filing their 1985 return. That request again incorrectly listed the Chevy Chase address.

On May 15, 1986 the IRS mailed a statutory notice of deficiency for 1978, 1981 and 1982 to taxpayers at the Chevy Chase address. The IRS obtained the Chevy Chase address from the IRS computer file, which was based upon the latest tax return and extension request. Taxpayers did not receive the notice. It was returned to the IRS as undeliverable. The IRS then rechecked the computer file and verified that the address used accorded with that file. The IRS did not check the administrative file, nor did they send a duplicate notice to taxpayers' accountant. After waiting the required 90–day period to permit the filing of a petition in tax court, the IRS made tax assessments against taxpayers for the years 1981 and 1982.

The taxpayers brought suit in federal district court to enjoin collection of the assessments. The district court granted taxpayers a permanent injunction on the grounds that the IRS did not mail the deficiency notice to taxpayers' "last known address" as required by 26 U.S.C. § 6212(b). The district court also awarded taxpayers costs and attorneys' fees. The government appeals from both the injunction and the award of attorneys' fees. Taxpayers cross-appeal as to the amount of attorneys' fees.

### Discussion

Section 6213(a) of the Internal Revenue Code permits a suit to enjoin the assessment or collection of a tax if the requirements of § 6212 are not complied with. 26 U.S.C. § 6213(a). Section 6212 authorizes the mailing of a notice of deficiency by certified or registered mail to the taxpayers' "last known address." 26 U.S.C. § 6212. Although "last known address" is not defined in either the Internal Revenue Code or in Treasury Regulations, there have been significant judicial interpreta-

tions. In 1974 the Tax Court established the following frequently-cited rule:

> [W]hile the Commissioner is bound to exercise reasonable diligence in ascertaining the taxpayer's correct address, he is entitled to treat the address appearing on a taxpayer's return as the last known in the absence of clear and concise notification from the taxpayer directing the Commissioner to use a different address.

*Alta Sierra Vista, Inc. v. Commissioner*, 62 T.C. 367, 374 (1974) (citations omitted) *aff'd*, 538 F.2d 334 (9th Cir.1976).

■ We recently cited *Alta* for the proposition that "[i]n the absence of appropriate notification from the taxpayer of a change of address, the IRS is entitled to consider as the last known address the address on the tax return for the year in question." *Mulder v. Commissioner*, 855 F.2d 208, 211 (5th Cir.1988) (citing *Alta*, 62 T.C. 367). *Alta* was premised on the understanding that IRS agents responsible for issuing a notice of deficiency had no reasonable ability to search IRS records for an address more recent than the one listed on the return in question. *Abeles v. Commissioner*, 91 T.C. No. 65 (1988) [1988 WL 129221]. "Today, however, the state of the IRS's computer capabilities is such that a computer search of the information retained with respect to a certain taxpayer, including their last known address, may be performed by [the IRS] agent without unreasonable effort or delay." *Id.* at ——. Recognizing this technological advancement the Tax Court *en banc* recently extended the principle of *Alta*:

> For purposes of determining whether a notice of deficiency has been properly mailed to the taxpayer's last known address, we now hold that a taxpayer's last known address is that address which appears on the taxpayer's most recently filed return, unless respondent has been given clear and concise notification of a different address.

*Abeles*, 91 T.C. at ——.

*Mulder* should be interpreted accordingly to stand for the rule that absent a subsequent, clear and concise notification of an address change, the IRS is entitled to consider the address on the taxpayer's most recently filed return as the taxpayer's "last known address." *Accord King v. Commissioner*, 857 F.2d 676 (9th Cir.1988); *Ponchik v. Commissioner*, 854 F.2d 1127 (8th Cir.1988); *Cyclone Drilling, Inc. v. Kelley*, 769 F.2d 662 (10th Cir.1985). This holding merely reiterates our position in *Mulder* that "[t]he focus is on the information available to the IRS at the time it issued the notice of deficiency." *Mulder*, 855 F.2d at 211. Since the computer allows IRS agents ready access to the address on a taxpayer's most recent return, this information should be the focus of the IRS's inquiry.

■ Our holding does not do away with the requirement that the IRS exercise reasonable diligence. To the contrary, all relevant circumstances must be considered to determine if the IRS used reasonable diligence in ascertaining the "last known address" of the taxpayer. *Mulder*, 855 F.2d at 211. This involves a question of fact. *Id; Johnson v. Commissioner*, 611 F.2d 1015, 1019 (5th Cir.1980).

■ The particular facts of this case lend themselves to only one reasonable interpretation—the IRS did send the notice of deficiency to taxpayers' "last known address." The notice was sent to the address listed on the taxpayers' most recent return and on the two most recent extension requests filed by taxpayers. Following these filings, the taxpayers did not give the IRS clear and concise notice of an address change. On the contrary, the phone call and written communications that occurred in March and in April, 1985, which notified the IRS of the San Felipe address, were clearly superceded by the three subsequent filings listing the Chevy Chase address. No knowledge that taxpayers and their accountant were mistaken in listing the Chevy Chase address on the three later filings can be imputed to the IRS.

■ Taxpayers argue that the IRS should have followed the IRS manual and sent duplicate deficiency notices to both addresses if there was any doubt as to what constituted the "last known address." However, "[p]rocedures or rules adopted

by the IRS are not law." *Keado v. United States*, 853 F.2d 1209, 1214 (5th Cir.1988). *See also Johnson v. Commissioner*, 611 F.2d 1015, 1020 (5th Cir.1980) ("[n]either the manual [n]or the statute imposes a duty of sending a second notice)." Furthermore, under the facts present in the instant case, the IRS need not have had doubt as to what constituted taxpayers' "last known address." The three latest filings listing the Chevy Chase address superceded the communications that took place more than a year before the notice of deficiency was mailed. Based on these filings, the IRS reasonably concluded that taxpayers "last known address" was the Chevy Chase address.

■ Taxpayers also argue that the IRS should have looked in the administrative file after the notice of deficiency was returned undelivered. This was not required. The relevant statutes simply require that the deficiency notice be *mailed* to the taxpayer's last known address, not that it be received. *Keado*, 853 F.2d at 1212 (citing 26 U.S.C. § 6212). As we stated in *Mulder*, the last known address "refers to that address which, in light of all relevant circumstances, the IRS reasonably may consider to be the address of the taxpayer *at the time the notice of deficiency is mailed.*" *Mulder*, 855 F.2d at 211 (emphasis added). We reiterated that "[t]he focus is on the information available to the IRS *at the time it issued the notice of deficiency.*" *Id.* (emphasis added). *Accord, King v. Commissioner*, 857 F.2d 676, 681 (9th Cir.1988) ("Nothing in the statute suggests that the IRS is obligated to take additional steps to effectuate delivery if the notice is returned; indeed, a notice mailed to the last known address is sufficient even if it is never received."). Furthermore, even if the administrative file had been checked, it would have indicated nothing more than that the San Felipe address was a temporary address which had been superceded by the address consistently shown on the three later filings.

The facts in *Mulder* are consistent with this ruling. In *Mulder*, the IRS sent two letters to taxpayer shortly before sending a notice of deficiency. Both letters were returned undelivered, yet the IRS sent the notice of deficiency to the same address without examining available information to determine the correct address. Based on those facts, we stated that: "we are not persuaded that the IRS exercised due diligence in sending the notice to [taxpayer's] last known address. More should have been done. At the very least, the tax-preparer should have been contacted." *Mulder*, 855 F.2d at 212. Given that the two returned letters put the IRS on notice that the taxpayer had changed his address, the IRS in *Mulder* should have done further investigation *prior* to sending the deficiency notice to the same old address.

In the instant case, however, between the filing of taxpayers' most recent return and the mailing of the deficiency notice the IRS was not put on notice that taxpayers' address had changed. Indeed, the three filings in the year prior to the mailing of the deficiency notice all contained the Chevy Chase address.

On the facts of this case, the IRS exercised reasonable diligence in determining taxpayers' last known address at the time of mailing the deficiency notice. The district court's finding to the contrary is clearly erroneous.

### Conclusion

The judgment of the district court granting a permanent injunction is reversed. The government's position throughout these proceedings has been substantially justified within the meaning of 26 U.S.C. § 7430. We therefore reverse the district court's award of costs and attorneys' fees. Taxpayers' cross-appeal as to the amount of attorneys' fees is dismissed as moot.

Injunction REVERSED; Award of Costs and Attorneys' Fees REVERSED; Cross-appeal DISMISSED.