VICTOR SHAMAM, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shamam v. Commissioner
Docket No. 16612-90
United States Tax Court
T.C. Memo 1992-77; 1992 Tax Ct. Memo LEXIS 78; 63 T.C.M. (CCH) 2014; T.C.M. (RIA) 92077; February 6, 1992, Filed *78 A notice of deficiency was mailed to P's Florida address on Jan. 5, 1990. The Florida address was reflected on P's most recently filed return prior to the mailing of the notice of deficiency. Subsequent to the mailing of the notice of deficiency, P's counsel (V) caused an amended return reflecting a New York address to be mailed to the IRS. More than 6 months after the notice of deficiency was mailed, V executed and filed a petition with this Court. R moved to dismiss for lack of jurisdiction. V argued that the notice of deficiency was not mailed to P's last known address. Held: R's motion to dismiss for lack of jurisdiction is granted since the notice of deficiency was sent to P's last known address and the petition is untimely. Held further: The petition and other documents executed by V were not well grounded in fact and law and caused unnecessary delay and needless increase in the cost of litigation. Accordingly, on the Court's own motion, R is awarded reasonable expenses, including counsel fees under Rule 33(b). Joseph J. J. Visci, for petitioner. William R. Davis, Jr., for respondent. PANUTHOS
PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, *79 Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent seeks dismissal on the ground that the petition was not filed within the time prescribed by section 6213(a)[1] or 7502. Petitioner argues, among other things, that the notice of deficiency was not sent to his "last known address". Respondent determined a deficiency in petitioner's 1987 Federal income tax in the amount of $ 7,200. Respondent also determined additions to tax under section 6653(a)(1)(A) in the amount of $ 219.30 and under section 6653(a)(1)(B) in the amount of 50 percent of the interest due on the deficiency. FINDINGS OF FACT Some of the facts have been stipulated and are so found. At the time of filing the petition herein petitioner resided at New York, New York. In 1987, petitioner owned a home and sometimes *80 resided at 69-37 Bay Drive, Miami Beach, Florida (the Florida address). Petitioner also sometimes resided at 3 Sheridan Square, Apartment 4A, New York, New York (the New York address). Petitioner reflected his Florida address on the 1987 return. He also reflected the Florida address on the 1988 return which was mailed to the Internal Revenue Service (IRS) on October 16, 1989. On October 20, 1989, the IRS mailed a letter to petitioner at the New York address relating to the 1987 tax year. The letter (30-day letter) enclosed the examination report and provided petitioner 30 days to take certain actions. The record does not indicate why respondent mailed this letter to the New York address, [2] nor does anything in the record indicate that petitioner responded to this letter, at least until after the issuance of the notice of deficiency. *81 On January 5, 1990, respondent mailed the notice of deficiency by certified mail to petitioner at the Florida address. On January 8, 1990, the notice of deficiency was delivered to and received by someone at the Florida address. On January 12, 1990, petitioner mailed an amended Federal individual income tax return (Form 1040X) to the IRS. The Form 1040X reflected petitioner's New York address and was received by the IRS on January 16, 1990. Attached to the Form 1040X was a copy of the October 20, 1989, 30-day letter from the IRS. The envelope in which the Form 1040X was mailed reflects the return address of petitioner's certified public accountant and attorney, Joseph J. J. Visci (Visci). The petition was filed with the Court on July 23, 1990, which date is 199 days after the notice of deficiency was mailed to the Florida address. The petition is on the form provided by the Court and paragraph 4 therein states as follows: Taxpayer agreed to the additional income found by the IRS. Taxpayer, however, sought to correct the classification of income as reported on the original return from earned to rental by amended return. Application was made within the statutory time *82 frame and denied without explanation from the IRS.
The petition is signed by petitioner and Visci. The date next to petitioner's signature is June 11, 1990, and the date next to Visci's signature is June 12, 1990. The envelope in which the petition was contained reflects a postmeter date of July 18, 1990, and Visci's return address. Respondent's motion to dismiss for lack of jurisdiction was filed November 21, 1990. In response to respondent's motion to dismiss, petitioner's opposition was filed on January 3, 1991. In this document, which was signed by Visci, it is stated as follows: (1) The Petitioner alleges that he filed with the Tax Court timely with respect to all statutes of limitation. (2) Specifically, the taxpayer received notices indicating a change has been made to their 1987 individual income tax return by the Internal Revenue Service on October 20, 1989. Within thirty (30) days from date thereof, the amended returns were filed with the Internal Revenue Service in response to this notice of tax change. (3) Instead of properly responding to the amended return which had been interposed as a response to the notice, the Service issued a notice of deficiency *83 in January of 1990. The Internal Revenue Service should have responded to the taxpayer's amended return rather than filing the notice of deficiency. The Internal Revenue Service self-servingly filed said notice of deficiency and mailed same to the taxpayer's address in Florida. The taxpayer was not in Florida at this time, but was residing during the entire winter months season in New York City where he attends to his business interest. The taxpayer did not receive sufficient notice of this filing of deficiency. The taxpayer believed the amended return interposed as answer told [sic] any further collection action and, in fact, this amended return should have prevented the notice of determination to ever having been issued to begin with. Accordingly, Petitioner insists that the statute should be held until a determination has been made of that amended return before filing any notice of deficiency.
After respondent responded to petitioner's opposition and after petitioner's reply was filed, the Court set the matter for hearing in New York City. At the hearing, the parties filed a stipulation of facts wherein petitioner agreed among other things that the Form 1040X was filed *84 after the mailing of the notice of deficiency. Visci did not present any witnesses and argued that confusion was created in the mailing of the 30-day letter to petitioner at the New York address. In response to the Court's inquiry concerning delivery of the notice of deficiency, Visci responded as follows: THE COURT: The parties have stipulated, in paragraph 13 that the Notice was claimed at the Post Office's * * * [Normandy] Branch, Miami, Florida, January 8th. Do you agree that it was claimed by the Petitioner, or somebody on behalf of Petitioner? MR. VISCI: No, we have not. In fact, in our discussions, the taxpayer's brother was residing in the taxpayer's home, and it was the taxpayer's brother that picked it up on January 8th, and we filed the amended return on about January 15th or thereabouts. Actually, it was just within -- maybe it was January 16th, I apologize -- which was just within a couple of days, and he hadn't heard about the Notice of Deficiency.
We thought it was all handled properly and cleared up. THE COURT: Did the taxpayer's brother deliver the Notice of Deficiency to the taxpayer? MR. VISCI: Not until the -- he didn't open it -- the taxpayer *85 didn't return to Florida until March. THE COURT: So, what -- was the taxpayer spending his winters in -- part-time in Florida and part-time in New York? MR. VISCI: Yes, Your Honor. He has property in New York, and he was attended to some rental property matters.
At the conclusion of the hearing, Visci advised that he merely wanted an opportunity to meet with representatives of the IRS and discuss the amended return. The Court suggested that the parties confer for this purpose. Since the hearing on this motion, the Court is unaware of any attempts by petitioner to meet with or discuss this matter with representatives of the IRS. [3]
OPINION 1. Jurisdictional Issue
It is well *86 settled that to maintain an action in this Court there must be a valid notice of deficiency and a timely filed petition. Monge v. Commissioner, 93 T.C. 22, 27 (1989); Pyo v. Commissioner, 83 T.C. 626, 632 (1984); Keeton v. Commissioner, 74 T.C. 377, 379 (1980). The petition was filed 199 days after issuance of the notice of deficiency. Thus, there is no question that the petition is untimely and we must dismiss this case. If we find that a valid notice of deficiency was issued to petitioner, the dismissal will be against petitioner; while if we find that a valid notice of deficiency was not issued to petitioner, the dismissal will be against respondent. Pietanza v. Commissioner, 92 T.C. 729 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991). Section 6212(a) sets forth the requirements for the issuance of a notice of deficiency. We have held on numerous occasions that actual receipt of a notice of deficiency is immaterial if the notice was mailed to the taxpayer's last known address. King v. Commissioner, 857 F.2d 676, 681 (9th Cir. 1988), affg. *87 on other grounds 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). The phrase "last known address" is not defined by the Code or regulations. In Abeles v. Commissioner, 91 T.C. 1019 (1988), we held that a taxpayer's last known address is the address shown on his most recently filed return, absent clear and concise notice of a change of address. The burden of proving that the notice of deficiency was not sent to the taxpayer's last known address is on the taxpayer. Yusko v. Commissioner, supra at 808. We have also held that even if a notice of deficiency is not mailed to the taxpayer's last known address, it is nevertheless valid if the taxpayer receives it within sufficient time remaining to prepare and file a timely petition. Clodfelter v. Commissioner, 527 F.2d 754, 757 (9th Cir. 1975), affg. 57 T.C. 102 (1971); Mulvania v. Commissioner, 81 T.C. 65, 68 (1983); Looper v. Commissioner, 73 T.C. 690, 697 (1980); Brzezinski v. Commissioner, 23 T.C. 192, 195 (1954). *88 There is no doubt that the notice of deficiency in question here was sent to petitioner's last known address. The most recent return (1988) filed in October 1989 reflected the Florida address. Petitioner stipulated that there was no correspondence with the IRS regarding the 1987 return until after the notice of deficiency was issued. There is no question here of petitioner's having given notice of a change of address to the IRS prior to the mailing of the notice of deficiency. Tadros v. Commissioner, 763 F.2d 89 (2d Cir. 1985), affg. an unreported order of dismissal of this Court; Pritchett v. Commissioner, T.C. Memo. 1986-559. It is equally clear that the submission of the amended return with the New York address, subsequent to the issuance of the notice of deficiency, does not affect the validity of the notice of deficiency since the critical question is respondent's knowledge of petitioner's last known address on the date the notice of deficiency was issued. Pomeroy v. United States, 864 F.2d 1191, 1195 (5th Cir. 1989); King v. Commissioner, supra.Based on the foregoing, respondent's *89 motion will be granted. We also note that even if the notice of deficiency had not been mailed to petitioner's last known address, we would nevertheless be inclined to hold that petitioner received the notice in sufficient time to file a timely petition. Visci stated that petitioner's brother was staying at the Florida address ("the taxpayer's home") and is the person who signed for and received the notice of deficiency 3 days after it was mailed. Petitioner did not present any evidence that he did not receive the notice of deficiency or was not otherwise aware of it. We find Visci's explanation to be inadequate and not credible. To accept Visci's explanation would require us to believe that petitioner's brother would not have communicated with petitioner after receipt and acceptance of a certified letter from the IRS. We do not accept this explanation in the absence of any supporting evidence. 2. Rule 33(b)
We now consider whether respondent should be awarded counsel fees under Rule 33(b). It is clear that we have authority to consider such an award in this case. Versteeg v. Commissioner, 91 T.C. 339, 341 (1988). Rule 33(b) provides as follows: *90 The signature of counsel or a party constitutes a certificate by the signer that the signer has read the pleading, that, to the best of the signer's knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. The signature of counsel also constitutes a representation by counsel that counsel is authorized to represent the party or parties on whose behalf the pleading is filed. If a pleading is not signed, it shall be stricken, unless it is signed promptly after the omission is called to the attention of the pleader. If a pleading is signed in violation of this Rule, the Court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable *91 counsel's fees.
The authorities interpreting rule 11 of the Federal Rules of Civil Procedure are considered in answering any questions of interpretation of Rule 33(b). Versteeg v. Commissioner, supra at 342; Espinoza v. Commissioner, 78 T.C. 412, 415-416 (1982). The requirements of Rule 33(b) with respect to signing of pleadings are equally applicable to motions under Rule 50(a). See note to amendment to Rule 33(b), 85 T.C. 1125, 1126 (1985). Rule 33(b) requires some inquiry into both the facts and law at the time the petition is filed. The inquiry is one of whether the allegations are reasonable under the circumstances. Fed. R. Civ. P. 11, Advisory Committee Note, 1983 amendment, 28 U.S.C.A. sec. 441 (Supp. 1991); Versteeg v. Commissioner, supra at 342; see also Bolton v. Commissioner, 92 T.C. 656 (1989). The petition was filed on July 23, 1990, more than 6 months after issuance of the notice of deficiency. The petition was signed by Visci and mailed in an envelope reflecting his office address as the return address. Such an untimely filing, however, might not by itself *92 be unreasonable if counsel had formed a belief after reasonable inquiry that the notice of deficiency was not sent to petitioner's last known address. We do not believe, however, that Visci ever had a reasonable belief in the facts or a good faith argument that the notice of deficiency was not sent to petitioner's "last known address". In the petition and again in his opposition, petitioner's counsel argued that respondent was on notice of petitioner's New York address by virtue of the filing of an amended return. Yet, at a later date petitioner stipulated to facts which reflected that the amended return was mailed to the IRS after the notice of deficiency was issued. Also, the stipulation reflected that the amended return was mailed in an envelope containing Visci's preprinted return address. Thus, at the time of filing the petition, Visci knew, or should have known, that the amended return reflecting a New York address would not affect the validity of the notice of deficiency since said document was mailed to the IRS by his office subsequent to the mailing of the notice of deficiency. Petitioner has not alleged or presented any facts that some other notice of a change *93 of address was given. Thus, there was no reasonable basis in fact or law for the untimely filing of the petition herein. Furthermore, there was no reasonable basis for opposing respondent's motion to dismiss. Visci's initial response contained incorrect information which appears to have been calculated to lead the Court to believe that there was a legitimate "last known address" issue. In his opposition, Visci stated that the amended return was filed within 30 days of the October 20, 1989, 30-day letter. He argued that the IRS should have responded to the amended return rather than issue the notice of deficiency. This information is incorrect and Visci, who was responsible for preparing and filing the documents, should have been aware of the error. We find that the petition in this case was unwarranted by existing facts and law. Petitioner's counsel either ignored or failed to make reasonable inquiry as to the requirements of jurisdiction in this case. Even after the filing of the petition, rather than concede the jurisdictional issue, petitioner's counsel further delayed by responding with erroneous information to give the appearance that there was a legitimate issue before *94 this Court. Based on the foregoing, we believe petitioner's counsel should pay respondent's reasonable expenses, including attorney fees for the litigation in this case. [4]
Since this issue was raised on the Court's own motion, respondent has not provided an itemized statement of attorney fees. In our order, we will require respondent to provide such an itemized statement. An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code in effect for the tax year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Although not attached to copies of the returns in evidence, counsel for both petitioner and respondent agreed that one or more information returns reflected the New York address.↩
3. Upon a dismissal of this action against petitioner, he would be required to pay the tax in full and file a claim for refund. If the claim is disallowed, he could file suit in a United States District Court or the United States Claims Court. Sec. 7422; Brown v. Lethert, 360 F.2d 560, 562↩ (8th Cir. 1966).
4. We also caution petitioner's counsel that his conduct could have been considered to have unreasonably and vexatiously multiplied this proceeding within the meaning of sec. 6673(a)(2). Pursuant to sec. 6673(a)(2), such an attorney can be held liable for the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct. However, in this opinion we have only found that petitioner's counsel violated Rule 33(b)↩.