T.C. Memo. 1996-457


UNITED STATES TAX COURT


DOUGLAS P. AND DEBORAH J. SNOW, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


DOUGLAS P. SNOW, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 6838-95, 6839-95.        Filed October 10, 1996.


Josh O. Ungerman, for petitioners.

Candace M. Williams, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

DAWSON, Judge:  These consolidated cases were assigned to
Special Trial Judge Stanley J. Goldberg, pursuant to the

provisions of section 7443A(b)(4) and Rules 180, 181, and 183.[1]
The Court agrees with and adopts the opinion of the Special Trial
Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

GOLDBERG, Special Trial Judge: These consolidated cases are
before the Court on cross-motions to dismiss for lack of
jurisdiction. Petitioners moved for dismissal on the grounds
that the notices of deficiency are invalid because they were not
mailed to their last known address. Respondent moved for
dismissal on the grounds that the notices of deficiency were
mailed to petitioners' last known address and the petitions were
untimely filed. A hearing was held on these motions in Dallas,
Texas.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.
The stipulation of facts and the exhibits received into evidence
are incorporated herein by this reference. Petitioners resided
in Plano, Texas, at the time their petitions were filed.

Petitioner Douglas P. Snow (Mr. Snow) filed his 1987
individual Federal income tax return on July 2, 1990. On
February 18, 1992, respondent mailed a notice of deficiency for
1987 (the first 1987 notice) to Mr. Snow at 12516 Audelia #209,

_____

[1]  All section references are to the Internal Revenue Code as
amended, unless otherwise indicated. All Rule references are to
the Tax Court Rules of Practice and Procedure.

Dallas, Texas (the Audelia address). Respondent withdrew the first 1987 notice of deficiency on August 7, 1992. Therefore, the first 1987 notice is not at issue. On May 8, 1992, Mr. Snow filed a second Federal income tax return for 1987 (the second 1987 return). On both 1987 returns Mr. Snow used the Audelia address.

Sometime after 1987, Mr. Snow married petitioner Deborah J. Snow (Mrs. Snow). On November 15, 1991, petitioners filed a joint Federal income tax return for 1990. On that return petitioners used the Audelia address.

In December 1992, petitioners moved to 3907 San Mateo Drive, Plano, Texas (the San Mateo address). At some point they filed a change of address form with the U.S. Postal Service (postal service) and requested that all mail sent to the Audelia address be forwarded to the San Mateo address. They changed their telephone number. They also added a recording to their old telephone number informing callers of their new number. Petitioners also changed the address on their driver's licenses to the San Mateo address. They did not send a letter to, or specifically notify, the Internal Revenue Service (IRS) of their move prior to using the San Mateo address on their joint 1992 Federal income tax return filed on April 15, 1993.

In late 1992, respondent examined Mr. Snow's second return for the 1987 tax year and petitioners' joint return for the 1990

tax year. Respondent sent seven letters to petitioners at the Audelia address between November 30, 1992, and March 17, 1993, requesting information pertaining to the examinations. Four of the letters were sent by Tommy Joe Parrish (Mr. Parrish), respondent's agent assigned to examine petitioners' returns. Petitioners claim they did not receive any of the letters and were not aware of the examinations. None of the letters were returned to Mr. Parrish as undeliverable. According to the IRS computer, on March 25, 1993, the Audelia address was petitioners' last known address. On March 25, 1993, Mr. Parrish retrieved a telephone number for petitioners. He wrote the telephone number in his notes from petitioners' case files, and also wrote that the telephone number had changed. Mr. Parrish claims to have called the new number and left a message on an answering machine. Petitioners acknowledge that the number called is their new number at the San Mateo address but contend they never received a message from Mr. Parrish.

Mr. Parrish also verified that petitioners had filed Federal income tax returns for 1988 through 1991.

On April 15, 1993, petitioners mailed their 1992 joint Federal income tax return using the San Mateo address as their home address, and stating the name and address of their tax preparer. Attached to the 1992 return were the following: (1) Mr. Snow's Form W-2 showing the San Mateo address; (2) Mrs.

Snow's Form W-2 showing the Audelia address; (3) check No. 2017 made payable to the IRS with the pre-printed Audelia address crossed out and the San Mateo address handwritten on the check; and (4) a certified mail receipt acknowledging that the return was mailed on April 15, 1993. The information provided on the 1992 return, including petitioners' new address, was processed by the IRS and added to the computer on July 17, 1993. On May 11, 1993, respondent's agent checked the computer system for petitioners' address and found the Audelia address. On May 19, 1993, respondent sent a notice of deficiency for 1990 to petitioners at the Audelia address by certified mail. On May 24, 1993, based on the second 1987 return, respondent mailed a second notice of deficiency for 1987 to Mr. Snow at the Audelia address by certified mail. One envelope was returned to respondent on or about May 26, 1993, stamped by the Postal Service "Moved, Left No Address". No further effort was made by respondent to contact petitioners until August 25, 1993. On that date, Sharon Stout, a reviewer with the District Office, sent two letters to petitioners at the San Mateo address. Ms. Stout informed them that the time for filing petitions with the Tax Court with respect to the second 1987 notice and the 1990 notice expired on August 21 and 16, 1993, respectively. Petitioners filed an amended 1990 joint Federal income tax return on June 8, 1994.

Petitioners filed petitions with this Court disputing the second 1987 notice and the 1990 notice on May 4, 1995.

In the second 1987 notice, respondent determined a deficiency in Mr. Snow's 1987 Federal income tax of $8,760 and an addition to tax for failure to file a timely return under section 6651(a) of $2,190. In the 1990 notice respondent determined a deficiency in petitioners' 1990 joint Federal income tax of $51,272, an addition to tax under section 6651(a) of $11,879.50, and an accuracy-related penalty under section 6662(a) of $9,365.20. Prior to the hearing, petitioners paid the deficiencies, additions to tax, and penalties in full.

Assuming, arguendo, that the second 1987 notice and the 1990 notice are valid, the 90-day periods for filing petitions with this Court expired on August 21 and 16, 1993, respectively, which dates were not legal holidays in the District of Columbia. The petitions for each year, as noted above, were not filed until May 4, 1995.

OPINION

Section 6212(a) authorizes the Secretary or his delegate, upon determining that there is a deficiency in income tax, to send a notice of deficiency "to the taxpayer by certified mail or registered mail." Section 6212(b)(1) provides that a notice of deficiency, in respect of an income tax, "shall be sufficient" if it is duly "mailed to the taxpayer at his last known address".

Generally, the Commissioner has no duty to effectuate delivery of the notice after it is mailed. <u>Monge v. Commissioner</u>, 93 T.C. 22, 33 (1989).

Neither section 6212 nor the regulation promulgated thereunder, section 301.6212-1, Proced. & Admin. Regs., defines what constitutes a taxpayer's "last known address". We have defined it as the address to which, in light of all the surrounding facts and circumstances, the Commissioner reasonably believed the taxpayer wished the notice of deficiency to be sent. <u>Weinroth v. Commissioner</u>, 74 T.C. 430, 435 (1980); see also <u>Ward v. Commissioner</u>, 907 F.2d 517, 521 (5th Cir. 1990), revg. 92 T.C. 949 (1989), and cases cited therein. Generally, a taxpayer's last known address is the address shown on his most recently filed and properly processed return, absent clear and concise notice of a different address. <u>Abeles v. Commissioner</u>, 91 T.C. 1019, 1035 (1988). Our holding in <u>Abeles v. Commissioner</u>, <u>supra</u>, reiterated this Court's position as stated in <u>Alta Sierra Vista, Inc. v. Commissioner</u>, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976), that what is significant is what the Commissioner knew or should have known at the time the notice of deficiency was mailed. <u>Abeles v. Commissioner</u>, <u>supra</u>; see also <u>Ward v. Commissioner</u>, <u>supra</u> at 521.

Thus, where the Commissioner is aware before mailing the notice of deficiency that the taxpayer has moved, the

Commissioner is required to exercise reasonable care and diligence to discover and mail the notice of deficiency to the correct address. Monge v. Commissioner, supra; see also Ward v. Commissioner, supra at 522 (citing Mulder v. Commissioner, 855 F.2d 208, 211 (5th Cir. 1988), revg. and remanding T.C. Memo. 1987-363). Whether the Commissioner has exercised reasonable care and diligence is a question of fact. Frieling v. Commissioner, 81 T.C. 42, 49 (1983), and cases cited therein; see also Mulder v. Commissioner, supra.

In Ward v. Commissioner, supra, the taxpayer mailed a letter to the IRS service center notifying the service center of his new address. While the address change was pending, the IRS mailed a notice of deficiency to the taxpayer at his old address which was still posted in the central computer. The Court of Appeals for the Fifth Circuit (the court to which these cases are appealable) observed that a properly instructed agent would have recognized a notation code on the computer record indicating a change of address was pending for the taxpayer. Because the IRS knew of the address change, the Court of Appeals held that the IRS was required to exercise reasonable diligence in finding the taxpayer's last known address, and concluded that the IRS had failed to do so.

The Court of Appeals noted, however, that the situation is different if a taxpayer chooses to inform the IRS of an address

change solely by placing the new address on the taxpayer's most recently filed return, without otherwise drawing the attention of the IRS to the information. In such cases notice of the new address is effective as of the date that the IRS properly processes the return, rather than as of the date the IRS receives the tax return, provided that the IRS inputs the information without unreasonable delay. In Ward v. Commissioner, supra at 523, the court noted:

> The IRS receives millions of tax returns annually. It would be unreasonable to expect the IRS to notice a new address among these returns before the IRS had processed the information. Since the taxpayer elects to run the risk that the IRS will issue a notice of deficiency before the IRS inputs the new information, the only burden placed on the IRS is to process the returns in a reasonable amount of time. * * *

Petitioners argue that respondent knew that their address had changed prior to mailing the notices of deficiency. They contend that such knowledge resulted from receipt of petitioners' 1992 Federal tax return on or around April 15, 1993, which reflected the San Mateo address; the knowledge of respondent's agent that petitioners had changed their telephone number; and petitioners' failure to respond to any of the seven letters from respondent's agents.

Here the facts do not show that respondent knew or should have known that petitioners' address had changed prior to the date the notices of deficiency were mailed.

Because petitioners informed respondent of their address change solely by placing their new address on their 1992 return filed on April 15, 1993, respondent is deemed to have notice of the address change as of the date the return was processed, provided that respondent properly processed the tax return information. Respondent processed petitioners' return and updated the record on petitioners in her computer system to reflect the San Mateo address as of July 17, 1993. The parties have stipulated that returns received by the IRS between February 14 and June 1 are considered properly processed if processed on July 16, 1993, and this is within the guidelines for properly processed returns as set forth in Rev. Proc. 90-18, 1990-1 C.B. 491. Thus, as of May 19 and 24, 1993, the dates on which the notices of deficiency were issued, respondent did not have notice of petitioners' change of address based on their 1992 Federal income tax return.

Petitioners also argue that respondent's agent, Mr. Parrish, knew or had reason to know that they had changed their address. After Mr. Parrish, the agent assigned to examine petitioners' returns, retrieved petitioners' most recent address (the Audelia address) from the IRS computer system, he went further and obtained petitioners' current telephone number. Mr. Parrish recognized that petitioners' telephone number had changed and he wrote the new telephone number in his notes from petitioners'

case file. It is not clear from the record how Mr. Parrish obtained petitioners' current telephone number; nonetheless, he did obtain the new telephone number prior to the issuance of the notice of deficiency. However, we do not believe that this information was sufficient to give respondent reason to know that petitioners had moved.

Mr. Parrish also knew that petitioners had filed Federal income tax returns for 1988 through 1991, and that seven letters sent to the Audelia address had garnered no response. Four of the seven letters were sent by Mr. Parrish. It is presumed that a properly addressed letter placed in the care of the Postal Service has been delivered to the addressee. See Mulder v. Commissioner, 855 F.2d at 212; Zenco Engineering Corp. v. Commissioner, 75 T.C. 318, 323 (1980), affd. without published opinion 673 F.2d 1332 (7th Cir. 1981). Moreover, there is no evidence in the record that any of the letters were returned to respondent.

Respondent was not aware that petitioners had changed their address before the notices of deficiency were mailed. Respondent exercised due diligence in determining petitioners' last known address at the time the notices of deficiency were mailed by relying on the information contained in the IRS central computer.

Petitioners argue, however, that respondent did not exercise reasonable care and diligence in determining and mailing the

notices of deficiency to their last known address.  They contend that because respondent did not contact a number of sources, including petitioners' tax return preparer, the Texas Department of Motor Vehicles, and Mr. Snow's employer, in order to obtain petitioners' new address, respondent failed to exercise diligence, relying upon Mulder v. Commissioner, supra.  In Mulder, the IRS mailed two letters to the taxpayer using the address which appeared on the taxpayer's return filed for the year at issue.  Both letters were returned as undeliverable.  Thereafter, the IRS issued and mailed a notice of deficiency, certified, return receipt requested, to the same address.  The taxpayer did not receive the notice of deficiency, but instead learned of the deficiency determination when the IRS mailed a statement of taxes due to his new address.  The Court of Appeals for the Fifth Circuit observed that the IRS could have determined the taxpayer's home address by contacting a number of sources and that such efforts were "within the reasonable exercise of diligence required when the IRS knows or should know that the address on the subject tax return is no longer current."  Mulder v. Commissioner, supra at 212.  This obligation does not arise, however, unless the IRS is aware that the taxpayer has changed addresses.  Because we find that respondent did not know that petitioners had moved, respondent was not obliged to make these additional inquiries in exercising reasonable diligence.

At least one of the May 1993 notices of deficiency mailed to petitioners' Audelia address was returned to respondent on or about May 26, 1993, stamped "Moved, Left No Address".  In Pomeroy v. United States, 864 F.2d 1191 (5th Cir. 1989), the Court of Appeals for the Fifth Circuit stated:  "The relevant statutes simply require that the deficiency be mailed to the taxpayer's last known address, not that it be received."  Id. at 1195 (taxpayers argued that the IRS should have checked its administrative file after a notice of deficiency sent to the address on their most recently filed return was returned undelivered).  In addition, the Court of Appeals reiterated that "'the focus is on the information available to the IRS at the time it issued the notice of deficiency.'"  Id. (quoting Mulder v. Commissioner, supra at 211).  Thus, under this standard, we do not believe that respondent was required to investigate further when one of the notices of deficiency was returned undelivered. Monge v. Commissioner, 93 T.C. at 32-33.

For the reasons set forth above, respondent's motions to dismiss will be granted, and petitioners' motions to dismiss will be denied.[2]

---

[2]  Petitioners are not without recourse.  Because they paid the deficiencies, interest, and penalties in full on May 1, 1995, the time for filing a claim for refund has not yet run.  Sec. 6511(a).  If a timely refund claim is disallowed by respondent, petitioners could file a suit for refund in the U.S. District Court or the U.S. Court of Federal Claims and thus litigate the merits of their tax liabilities for the years in question.

<u>Appropriate orders and orders of dismissal for lack of jurisdiction will be entered</u>.