Norbert P. CZAJKOWSKI, M.D.,
et al., Plaintiffs,

v.

TINDALL & ASSOCIATES, P.C., Roll–
Over Profit Sharing Plan, et al.,
Defendants.

TINDALL & ASSOCIATES, P.C.,
et al., Cross–Plaintiffs,

v.

The UNITED STATES of America,
Cross–Defendant.

No. 94–75374–DT.

United States District Court,
E.D. Michigan,
Southern Division.

March 19, 1997.

Andrew J. Munro, Ross L. Wilber, Munro & Munro, Troy, MI, for Czajkowski

Harvey R. Heller, Julie C. Mayer, Maddin, Hauser, Southfield, MI, for Intervenor Home Insurance Company.

Michael E. Tindall, Trombly, Tindall, Port Huron, MI, for Tindall and Associates, P.C.

Michael W. Davis, U.S. Department of Justice, Tax Division, Washington, DC, Geneva S. Halliday, United States Attorney's Office, Detroit, MI, for U.S.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

### I. INTRODUCTION

This matter is before the Court on the United States of America's (hereinafter "government") Motion for Reconsideration of the Court's June 17, 1996 Order. For the reasons that follow the government's Motion for Reconsideration is GRANTED.

### II. BACKGROUND

The relevant facts are set forth in the Court's June 17, 1996 Order which is the subject of the instant motion. The challenged Order was issued by Judge La Plata following an evidentiary hearing which "was scheduled to resolve one issue; specifically, whether the [Internal Revenue Service] complied with the [notice] provisions of Section 6213(a) of the Internal Revenue Code" with regard to its assessment of certain taxes against cross plaintiff Michael E. Tindall (hereinafter "Tindall"). June 17, 1996 Order at 2. The specific question at issue was whether on September 28, 1991, the Internal Revenue Service (hereinafter "IRS") sent certain deficiency notices to Tindall's "last known address."

## III. LEGAL STANDARDS

### A. Reconsideration

■ Under E.D. Mich. Local R. 7.1(h), a motion for reconsideration (1) must be filed no later than 10 days after entry of the challenged order, (2) must not present the same issues previously relied upon, and (3) must demonstrate a palpable and outcome-determinative defect by which the Court and the parties were misled. Motions for Reconsideration which merely present the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Id.*

### B. Notice under Section 6212 of the Internal Revenue Code

26 U.S.C. § 6212(b)(1) provides in relevant part, "notice of a deficiency in respect of a tax imposed . . . if mailed to the taxpayer at his last known address, shall be sufficient . . . . " Further, 26 U.S.C. § 6213(a) provides in relevant part:

no assessment of a deficiency in respect of any tax imposed . . . and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer. . . .

As noted by Judge La Plata in the Court's June 17, 1996 Order,

The notice is valid if sent to the taxpayer's last known address even if it was not received by the taxpayer. [ (n. 3) *United States v. Zolla,* 724 F.2d 808 (9th Cir. 1984) ]. The IRS is entitled to consider the address on a taxpayer's most recently filed return as taxpayer's "last known address" absent subsequent, clear and concise notification of address change. [ (n.4) *Pomeroy v. United States,* 864 F.2d 1191 (5th Cir.1989) ].

June 17, 1996 Order at 3.

## IV. ANALYSIS

In the instant case, Tindall claims that at some time before the September 28, 1991 deficiency notices were sent out, he sent a Special Handling Notice to the Internal Revenue Service which changed his address from 657 Blairmoor, Grosse Pointe, Michigan (hereinafter "Blairmoor") to 100 Maple Park Blvd., Suite 124, St. Clair Shores, Michigan (hereinafter "Maple Park"). The government has taken the position that Tindall filed his delinquent 1989 tax return, bearing his Blairmoor address, on March 21, 1991, which was subsequent to Tindall's sending the Special Handling Notice. Thus, according to the government, the Blairmoor address was Tindall's "last known address" when the deficiency notices were sent out.

However, following an evidentiary hearing on the issue, Judge La Plata agreed with Tindall that the Special Handling Notice changing Tindall's address was received by the Internal Revenue Service after Tindall filed his 1989 return on March 21, 1991. June 17, 1996 Order at 4. Judge La Plata concluded that Tindall's last known address on August 28, 1991 was as indicated on the Special Handling Notice.

In its instant motion, the government argues that Judge La Plata's conclusion is erroneous in that it fails to consider defendant's 1990 tax return, bearing the Blairmoor address, which was filed on approximately April 15, 1991. The government argues that whereas the 1990 tax return was filed after the Special Handling Notice, the Blairmoor address was Tindall's "last known address," and the deficiency notices where adequate as a matter of law.

The Court agrees with the government. In *Pomeroy,* 864 F.2d at 1194, the Fifth Circuit quoted an *en banc* decision of the United States Tax Court as follows:

For purposes of determining whether a notice of deficiency has been properly mailed to the taxpayer's last known address, we now hold that a taxpayer's last known address is that address which appears on the taxpayer's most recently filed return, unless respondent has been given clear and concise notification of a different address.

*Id.* (quoting *Abeles v. Commissioner,* 91 T.C. 1019, 1035, 1988 WL 129221 (1988)). The *Pomeroy* court also made clear that only a subsequent notification of a different address would operate to change a taxpayer's last known address from the address appearing on the taxpayer's most recently filed return.

*Pomeroy,* 864 F.2d at 1194, *see also Armstrong v. Commissioner,* 15 F.3d 970, 974 (10th Cir.1994), *Ward v. Commissioner,* 907 F.2d 517, 521 (5th Cir.1990) ("We presume that the IRS used reasonable diligence if it mailed the deficiency notice to the address contained on the taxpayer's most recently filed tax return").

Tindall appears to argue that the government should be precluded from relying on the 1990 tax return in that it has heretofore argued that it relied upon the 1989 return. However, the Court declines to consider what document or source the employees of the IRS actually relied upon in mailing out the deficiency notices. The undisputed facts indicate that subsequent to the IRS's receipt of the Special Handling Notice, the IRS received Tindall's 1990 tax return bearing the Blairmoor address. Tindall made no effort subsequent to the filing of the 1990 tax return which would have given the IRS cause to believe that his address was other than as it appeared on the 1990 return. Thus, Tindall cannot argue that the IRS failed to use reasonable diligence in determining his last known address. *See Pomeroy,* 864 F.2d at 1194. As noted by the *Armstrong* court, "[i]n a last known address determination, the focus is on the information available to the IRS at the time it issued the notice of deficiency, rather than what may in fact be the taxpayer's correct address." *Armstrong,* 15 F.3d at 974.

## V.  CONCLUSION

For the above reasons, the Court finds that the present motion exposes an outcome-determinative defect in the previous Order. Accordingly, IT IS ORDERED that the government's motion for reconsideration is GRANTED, and the Court's June 17, 1996 Order is VACATED. The Court finds that there is no genuine issue of material fact that the September 28, 1991 deficiency notices were sent to Tindall's "last known address" in compliance with 26 U.S.C. §§ 6212(b)(1) and 6213(a).

IT IS FURTHER ORDERED that a status conference be held on April 14, 1997, at 2:00 pm for the purpose of identifying the remaining issues to be resolved in the instant case.

IT IS SO ORDERED.