**FORD MOTOR CO., et al, Plaintiffs,**

v.

**GREATDOMAINS.COM, INC., et al., Defendants.**

**No.  00–CV–71544–DT.**

United States District Court, E.D. Michigan, Southern Division.

Dec. 20, 2001.

---

630

Kathleen Lang, John E.S. Scott, Dickinson Wright, Detroit, MI, for plaintiffs.

Susan N. McFee, Ford Global Technologies, Inc, Dearborn, MI, Gregory Phillips, Howard, Phillips & Anderson, Salt Lake City, UT, Luis Acosta, Plunkett & Cooney, Bloomfield Hills, MI, Shelly Liberto, Santa Anna, CA, Khalida Farooqui, Savannah, GA, Robert Yoder, Phoenix, AZ, William A. Sankbeil, Kerr, Russell, Detroit, MI, Stephen Mahan, Norris, TN, David H. Lowenschuss, Ann Arbor, MI, Lisa S Gallerano, Akin, Gump, Strauss, Hauer & Feld, Dallas, TX, Thomas Pezzenti, Jr, Smith & Johnson, Traverse City, MI, Richard Phillips, Mikkelborg, Broz, Seattle, WA, Cindy Cohn, San Francisco, CA, Susanne Singleton, Lakewood, CO, Roberta Jacobs–Meadway, Panitch, Schwarze, Philadelphia, PA, Eric C. Grimm, Cyberbrief, PLC, Ann Arbor, MI, for defendants.

## ORDER GRANTING IN PART, DENYING IN PART, "MOTION FOR RECONSIDERATION AND/OR FOR CERTIFICATION UNDER 28 U.S.C. § 1292(B)"

CLELAND, District Judge.

On March 30, 2001, this court entered an opinion and order partially resolving the EFF Defendants' pending motions to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).[1] The motions of Defendants Alfonso Fiero and Radtech were denied with prejudice; the remaining motions were denied without prejudice pending further discovery. A timely motion for reconsideration was filed by all EFF Defendants. In conjunction with their motion for reconsideration, the EFF Defendants also seek certification for interlocutory review of four separate issues. For the following reasons the court will grant in part, deny in part, the motion for reconsideration and deny the motion for certification.

### I. DISCUSSION

#### A. Motion for Reconsideration

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled" and (2) show that "correcting the defect will result in a different disposition of the case."

---

1. The "EFF Defendants" are Robert Emmert, Paul Brown, Alfonso Fiero, John Hall, Radtech, and Tom Cooper.

E.D. Mich. LR 7.1(g)(3). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Id.; Czajkowski v. Tindall & Associates, P.C.,* 967 F.Supp. 951, 952 (E.D.Mich.1997). In their motion, the EFF Defendants challenge a number of issues addressed by the court, including its use of the so-called "effects" test in determining personal jurisdiction.

### 1. "Effects" test

In the March 30 order, the court denied two of the EFF Defendants' motions, holding that each was subject to personal jurisdiction in this district. Because the decision was based on the allegations made without discovery or an evidentiary hearing, the court was required to determine only whether Plaintiffs had set forth a *prima facie* case of personal jurisdiction. *See Kerry Steel v. Paragon Indus., Inc.,* 106 F.3d 147, 149 (6th Cir.1997).

In making that determination, the court relied upon the "effects" test set forth by the United States Supreme Court in *Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), which permits personal jurisdiction over foreign defendants who have committed (1) an intentional act, (2) expressly aimed at the forum, (3) the brunt of which is felt within the forum.[2] In their motion for reconsideration, the EFF Defendants particularly challenge the court's application of the "intent" and "expressly aimed" prongs of the effects test.

### a. Intent

■■ The EFF Defendants challenge the court's conclusion that their acts were "intentional," arguing that they did not intend to injure Plaintiffs. It does not matter, however, that the injury was not intended. The only relevant consideration is whether the wrongful acts were committed intentionally, and not negligently. The EFF Defendants did not negligently register the disputed domain names and offer them for sale over the Internet. Those acts were committed intentionally. This is sufficient to satisfy the "intentional act" prong required under *Calder.*

### b. Express aiming

■ The EFF Defendants' next challenge the courts conclusion that a *prima facie* case of express aiming depends, in part, upon the lexical context of trademark within the domain name. The EFF Defendants contend that this test introduces a high level of uncertainty and ambiguity into determinations of personal jurisdiction. The court is persuaded that it erred in exercising personal jurisdiction over Defendants Fiero and Radtech based upon the lexical context of their domain names alone.

■ The court maintains that analyzing the lexical context of a trademark within a domain name and common non-infringing uses of the trademark are, for the reasons discussed in the March 30 order, helpful in determining whether the alleged acts of cybersquatting were "expressly aimed" at the proffered forum. Nevertheless, those factors—without more—cannot alone support a finding of personal jurisdiction. Thus, the court will grant the motion for reconsideration to the extent that it exercised personal jurisdiction over EFF Defendants Alfonso Fiero and Radtech.

---

**2.** Thus, Defendants' argument that Plaintiffs' have failed to set forth any evidence of actual contacts in the state of Michigan is irrelevant. The effects test does not rely upon actual physical contacts with the forum state, but on whether an intentional tort has been expressly aimed at the forum state.

Nonetheless, as previously discussed, limited discovery by Plaintiffs will be permitted as to whether other facts exist which support a finding of "express aiming." The court has contemplated giving thirty days for propounding written interrogatories and permitting thirty days for responses. It appears, however, that Plaintiffs have already taken steps to move discovery forward. Timing and other related issues, thus, will be resolved in a scheduling conference to follow the issuance of this order.

In addition to challenging the court's application of the *Calder* effects test, the EFF defendants raise a number of other issues that warrant discussion.

### 2. Identity

■ First, the EFF Defendants argue that Ford bears the burden of proving that each listing at the "greatdomains.com" site was published by one of the EFF Defendants. The court agrees that Ford ultimately must satisfy this burden. Nevertheless, for purposes of Rule 12(b)(6), that burden is substantially lighter. Allegations that a defendant is the registrant of a domain name listed for sale on the Internet is sufficient to permit each case to move forward.

### 3. Actual Confusion

■■ The next error alleged by the EFF Defendant's is that the court failed to address "actual confusion." "Actual confusion" is not a requisite element for proving a claim of cybersquatting under the ACPA. Thus, it also is not relevant to determining personal jurisdiction on a claim of cybersquatting under the *Calder* effects test. Insofar as the court has already concluded that Ford failed to state a claim of infringement or dilution, it is unnecessary to discuss "actual confusion" further.

### 4. Property

■■ The EFF Defendants next upbraid the court for

its apparent assumption that trademarks are "property," as opposed to *non-exclusive* (or "exclusive" only in a trivial sense) rights to be free from *tortious infringement.* Specifically, we pray for this Court not to make statements suggesting that FORD has 'proprietary interests' in 'words,' *e.g.,* slip op. at 1, or rights *to exclude,* in the absence of an explicit examination of the factual and legal basis for such a belief and elaboration upon the manner and extent to which such statements are accurate.

(Defs.' Mot. at 5 (emphases in original)). The court disagrees with the EFF Defendants to the extent they argue that trademarks are not property. In *College Savings Bank v. Fla. Prepaid Postsecondary Ed. Expense Bd.,* 527 U.S. 666, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999), the Supreme Court recognized that

> The Lanham Act may well contain provisions that protect constitutionally cognizable property interests—notably, its provisions dealing with infringement of trademarks, *which are the "property" of the owner because he can exclude others from using them.*

*Id.* at 673, 119 S.Ct. 2219 (emphasis added). The court recognizes, however, that, as also expressed by the Supreme Court in *College Savings,* although trademarks are "property," not all tortious acts committed against a trademark holder's rights "deprive" the holder of property in a manner that triggers the Fifth Amendment's Due Process Clause. *See id.* at 674, 119 S.Ct. 2219. Nevertheless, any confusion caused by the court's use of the word "deprive" in this case does not amount to a palpable defect by which the court has been misled.

### 5. Injury in Michigan

The EFF Defendants raise a valid challenge to the court's holding that the brunt of the alleged injuries is in Michigan. The court continues to hold that the brunt of the injury incurred by registering, using, or trafficking in trademarks owned by Plaintiff Ford Motor Company occurs in Michigan. Whether use of the marks owned by Plaintiffs Jaguar Cars, Aston Martin Lagonda, and Volvo Trademark Holding occurs in Michigan or in their states of residence may be further addressed by the parties in their renewed motions following discovery. The court, however, does not agree with the EFF Defendants' assertion that the injury occurs where infringing sales or customer confusion take place. The ACPA, unlike traditional infringement and unfair competition claims, does not have consumer protection as its central purpose. This is demonstrated by the fact that merely registering a trademark as a domain name can be a violation of the ACPA, even if the domain is never used on the Internet or otherwise made accessible to consumers. Rather, the ACPA protects trademark holders against extortion by domain name cybersquatters. Thus, the brunt of such injury occurs where it is felt by the trademark holder.

### 6. Misappropriation

Finally, the EFF Defendants argue that their registration of various domain names cannot be "misappropriation" of a trademark interest, apparently because they "honestly and reasonably believe[ ]" that their use "constitute[s] a fair use, a non-trademark use, or a non-competing use." (Defs.' Mot. at 5.) Nevertheless, although fair, non-trademark, or non-competing uses can be asserted as defenses under the ACPA, 15 U.S.C. § 1125(d)(1)(B)(ii), they are not necessarily dispositive. *See, e.g., Virtual Works Inc. v. Volkswagen of Am., Inc.*, 238 F.3d 264, 270 (4th Cir.2001) ("A defendant who acts even partially in bad faith in registering a domain name is not, as a matter of law, entitled to benefit from the Act's safe harbor provision."). Thus, Defendants' potential defenses under the ACPA do not necessarily preclude the exercise of *in personam* jurisdiction under an effects theory.

### B. Motion for Certification Under 28 U.S.C. § 1292(b)

The EFF Defendants have also moved the court for certification pursuant to 28 U.S.C. § 1292(b) to allow them to take an interlocutory appeal of four issues raised in the court's March 30, 2001 order. The court concludes that interlocutory appeal of the specified issues would not "materially advance the ultimate termination of the litigation" as required under § 1292. This is true particularly insofar as the court has not conclusively ruled on the EFF Defendants' 12(b)(2) motions to dismiss for lack of personal jurisdiction. Accordingly, the motion for certification will be denied.

### II. CONCLUSION

For all the foregoing reasons, IT IS ORDERED that the EFF Defendants' "Motion for Reconsideration and/or for Certification under 15 U.S.C. § 1292(b)" is GRANTED as to Defendants Alfonso Fiero and Radtech. Further discovery, however, will be permitted as to the existence of further evidence of express aiming. Thus, their motions to dismiss for lack of personal jurisdiction may be renewed at the close of this preliminary discovery.

IT IS FURTHER ORDERED that the motion is DENIED as to the remaining Defendants.