T.C. Summary Opinion 2008-66

UNITED STATES TAX COURT

CANDICE T. WHITMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13854-07S.                    Filed June 12, 2008.

Candice T. Whitman, pro se.

<u>Russell F. Kurdys</u>, for respondent.

HAINES, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

---

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code, as amended, and as in effect when the
petition was filed.

this opinion shall not be treated as precedent for any other case.

This collection case under section 6330 is before us on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed. For the reasons stated below we must grant respondent's motion.

## Background

Petitioner resided in Pennsylvania at the time her petition was filed.

On January 9, 2007, respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) for 2000 through 2002. Petitioner alleges that around that time she went on vacation to Florida and had her mail forwarded to a Florida post office box. The U.S. Postal Service attempted delivery and left notice of the attempted delivery at her correct Pennsylvania address on January 11, 2007. The U.S. Postal Service did not attempt delivery at the Florida post office box. On January 30, 2007, the notice of determination went unclaimed, and it was returned to respondent on February 5, 2007.

After petitioner contacted respondent's Appeals Office, a courtesy copy of the notice of determination was sent to petitioner on May 14, 2007. On June 11, 2007, petitioner mailed her petition to the Court, and the Court filed it on June 18,

2007. On August 3, 2007, the Court filed respondent's motion to dismiss for lack of jurisdiction. On August 27, 2007, the Court filed petitioner's objection to the motion. A hearing was held in Pittsburgh, Pennsylvania, on March 3, 2008.

## Discussion

We have jurisdiction to review a determination under section 6330 if the taxpayer appeals within 30 days of the determination. Sec. 6330(d)(1). Our jurisdiction in these cases depends on the issuance of a valid notice of determination and the filing of a timely petition for review. Weber v. Commissioner, 122 T.C. 258, 261 (2004).

Section 6330(d) does not specify how the Commissioner is to give notice of a determination under that section. We have held the method Congress authorized in subsections (a) and (b) of section 6212 for sending notices of deficiency will suffice for section 6330(d) notices of determination. Weber v. Commissioner, supra at 261. Accordingly, a notice of determination is sufficient if it is sent by certified or registered mail to the taxpayer at the taxpayer's last known address. Id. at 261-262. The effect of the "shall be sufficient" language in section 6212(b)(1) is to provide a safe harbor assuring the Commissioner that the notice of deficiency is valid for these purposes even if the notice is not received by the taxpayer before the end of the petition period. Mulvania v. Commissioner, 81 T.C. 65, 67-68

(1983); <u>Zenco Engg. Corp. v. Commissioner</u>, 75 T.C. 318, 321-322 (1980), affd. without published opinion 673 F.2d 1332 (7th Cir. 1981).

There is no dispute that respondent sent the notice of determination to petitioner's last known address by certified mail.  Petitioner alleges that she was in Florida when delivery was attempted and that she asked the U.S. Postal Service to temporarily forward her mail to a Florida post office box while she was on vacation.  If petitioner's allegation is true the result is unfortunate, but the failure to forward her mail has no bearing on the jurisdictional issue.  Once the notice is mailed to the taxpayer's last known address, nothing in the Internal Revenue Code requires the Commissioner to take additional steps to effect delivery.  <u>Sebastian v. Commissioner</u>, T.C. Memo. 2007-138; <u>Howard v. Commissioner</u>, T.C. Memo. 1993-315 (citing <u>Pomeroy v. United States</u>, 864 F.2d 1191, 1195 (5th Cir. 1989)).

The petition was mailed to the Court on June 11, 2007, more than 30 days after the date the notice of determination was sent, January 9, 2007.  Furthermore, the courtesy copy of the notice of determination mailed to petitioner on May 14, 2007, did not revive the 30-day filing period.  See <u>Weber v. Commissioner</u>, <u>supra</u> at 263.  Accordingly, the petition was not timely filed, and we must dismiss it for lack of jurisdiction.

In reaching our holding herein, we have considered all arguments made, and, to the extent not mentioned above, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order of dismissal for lack of jurisdiction will be entered</u>.